UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELISSA A. GRAFFEO,

        Plaintiff,
                  **DECISION AND ORDER**
                  08-CV-929A
  v.

REVENUE ASSISTANCE CORP.
 d/b/a REVENUE GROUP,

        Defendant.

---

## INTRODUCTION

  Pending before the Court is a motion by defendant to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP").  In support of its motion, defendant argues that this case now is moot because plaintiff rejected an offer of judgment pursuant to FRCP 68 that would have given her the maximum amount that she could recover for statutory damages.  Plaintiff asserts in opposition, *inter alia*, that defendant is mistaken in its belief about the burden of proof that she must meet this early in the case regarding actual damages.  Pursuant to FRCP 78(b), the Courts finds oral argument unnecessary.  Because defendant admitted in its own motion papers that its offer of judgment did not address all of plaintiff's claims, the Court will deny the pending motion.

## BACKGROUND

This case concerns allegations of improper debt collection attempts that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. On December 18, 2008, plaintiff filed a complaint (Dkt. No. 1) accusing defendant of multiple violations of the FDCPA, including failure to disclose information required by statute, improper communications with parties other than the debtor, and harassing telephone calls. Paragraph 29 of the complaint states explicitly "[t]hat as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Melissa A. Graffeo became nervous, upset, anxious and suffered from emotional distress." In the *ad damnum* clause of her complaint, plaintiff explicitly requests actual damages among several other types of relief.

On April 16, 2009, defendant filed the pending motion to dismiss for lack of subject matter jurisdiction. In the memorandum of law filed that day (Dkt. No. 13), defendant explained that it made an FRCP 68 offer of judgment that plaintiff did not accept. The offer of judgment was for $1,001 in statutory damages, plus attorney fees and costs to be determined later. Defendant conceded explicitly that "the Rule 68 offer did not provide for the assessment of actual damages" (*id.* at 5), even though the first type of relief requested in the complaint was actual damages. Nonetheless, defendant somehow reasons that "given this is a factual attack on this Court's subject matter jurisdiction, the onus is now on Plaintiff to come forward with some evidentiary facts demonstrating her entitlement to actual

damages in order to meet her burden of demonstrating that this Court still has subject matter jurisdiction over her claims." In opposition to defendant's motion, plaintiff cites extensively to authority establishing how low plaintiff's burden of proof of actual damages is this early in the case.

## DISCUSSION

"[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." FRCP 68(a).[1] In general, a case becomes moot when a plaintiff rejects an offer for the maximum amount recoverable for all claims in a complaint, because "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983). "Courts have, however, denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (citations omitted).

Defendant's motion must be denied because defendant itself has admitted that its offer of judgment did not address all damages that plaintiff could recover. In the particular context of FDCPA claims, "a plaintiff is limited to $1,000 plus

---

[1]For the sake of thoroughness, the Court will note that the amendments to FRCP 68 that became effective on December 1, 2009 have no effect on the pending motion.

costs and attorneys' fees for her claim under FDCPA *only if she does not assert any claim for actual damages* . . . . Here, plaintiff asserts that she sustained actual damages. It says so in her complaint, which I presume (perhaps wrongly) the defendant . . . and its counsel have read. So $1,000 is not the limit of her maximum possible recovery on her FDCPA claim . . . ." *Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, No. 08 Civ. 6199, 2009 WL 3496863, at *3 (S.D.N.Y. Oct. 29, 2009). Since defendant did not address actual damages in its offer of judgment or offer any argument that actual damages are reasonably calculable in advance, dismissal is not warranted.

## CONCLUSION

For all of the foregoing reasons, defendant's motion is denied. This case is referred back to Magistrate Judge Foschio for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 10 , 2010